IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GABRIELA ENRIQUEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | No. CIV 07-338-TUC-CKJ<br><br>**ORDER** |

On February 2, 2009, Magistrate Judge Charles R. Pyle issued a Report and Recommendation [Doc. # 18] in which he recommended that Plaintiff's Motion for Summary Judgment [Doc. # 12] be denied and Defendant's Motion for Summary Judgment [Doc. # 15] be granted. On February 20, 2009, Plaintiff Gabriela Enriquez ("Enriquez") filed Objections to Report and Recommendation. The Commissioner has not filed a response.

*Magistrate Judge's Recitation of the Procedural and Factual History*

No objections having been made to the magistrate judge's recitation of the procedural and factual history, the Court adopts those recitations.

*Standard of Review*

The findings of the Commissioner are meant to be conclusive, 42 U.S.C. §§ 405(g), 1383(c)(3), and a decision to overturn a denial of benefits is appropriate only if the denial "is not supported by substantial evidence or [if the denial] is based on legal error." *Matney v.*

1 *Sullivan*, 981 F2d 1016, 1019 (9th Cir. 1992), *citations omitted*; *Massachi v. Astrue*, 486 F.3d
2 1149 (9th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind
3 might accept as adequate to support a conclusion." *Parra v. Astrue*, 481 F.3d 742, 746 (9th
4 Cir. 2007). The standard is less than a "preponderance of the evidence" standard. *Matney*,
5 981 F.2d at 1019. Further, a denial of benefits is to be set aside if the Commissioner has
6 failed to apply the proper legal standards in weighing the evidence even though the findings
7 may be supported by substantial evidence. *Frost v. Barnhart*, 314 F.3d 359, 367 (9th Cir.
8 2002). Indeed, this Court must consider both evidence that supports, and evidence that
9 detracts from, the conclusion of the Administrative Law Judge ("ALJ"). *Frost*, 314 F.3d at
10 366-67.

*Medically Determinable Impairment*

Enriquez asserts the ALJ either determined that Enriquez had a medically determinable impairment (that could reasonably cause her alleged symptoms) or the ALJ's decisions are inconsistent because the ALJ determined that Enriquez' description of her symptoms were not fully credible. The Commissioner asserted, in his Memorandum in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment ("Opposition"), that the ALJ conducted a proper analysis of the medical and opinion evidence and of Enriquez' credibility. The magistrate judge determined that the ALJ's determinations were not inconsistent. In addressing Enriquez' claim that the ALJ unnecessarily addressed Enriquez' credibility, the magistrate judge stated that Enriquez had not offered any statutory or case law authority to support her position. Enriquez asserts that the standard is set forth in the regulations and it is unclear what authority the magistrate judge found missing.

While the Ninth Circuit has affirmed a finding of a lack of impairment without considering credibility, *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005), Enriquez has not pointed to any Ninth Circuit authority that states that credibility may not be considered in

- 2 -

1  determining whether there is a medical impairment.  *Compare Craig v. Chater*, 76 F.3d 585
2  (4th Cir. 1996) (assessment of credibility of subjective claims of pain should only be
3  undertaken if it is determined claimant has an identifiable medical impairment).  However,
4  the Ninth Circuit has stated "once the claimant produces objective medical evidence of an
5  underlying impairment, an adjudicator may not reject a claimant's subjective complaints
6  based solely on a lack of objective medical evidence to fully corroborate the alleged severity
7  of pain."  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also Orteza v. Shalala*,
8  50 F.3d 748 (9th Cir. 1995).  The court further stated that once "the claimant establishes a
9  medical impairment reasonably likely to be the cause of the pain, the Secretary directs the
10 ALJ to consider 'all of the available evidence' because the Secretary recognizes that 'pain
11 is subjective and not susceptible to measurement by reliable techniques.'"  *Bunnell*, 947 F.2d
12 at 346, *citing* SSR 88-13.[1]  The Ninth Circuit case law indicates that the medical impairment
13 is to be considered prior to a consideration of credibility, but the case law does not prohibit
14 an earlier consideration.  *See e.g., Lingenfelter v. Astrue*, 504 F.3d 1028 (9th Cir. 2007).
15 However, the relevant regulation states that the finding that an "impairment(s) could
16 reasonably be expected to produce [the claimant's] pain or other symptoms does not involve
17 a determination as to the intensity, persistence, or functionally limiting effects of [the
18 claimant's] symptoms."  20 C.F.R. § 404.1529(b).  The regulation also provides that, "[w]hen
19 the medical signs or laboratory findings show that [the claimant has] a medically
20 determinable impairment(s) that could reasonably be expected to produce [the claimant's]
21 symptoms, such as pain, [the Social Security Administration will] *then* evaluate the intensity
22 and persistence of [the claimant's] symptoms so that [the Administration] can determine how
23 [the claimant's] symptoms limit [the claimant's] capacity for work."  20 C.F.R. §
24 404.1529(c).  Although the Ninth Circuit has not specifically stated that credibility is not to

---

[1]Deference is given to SSRs.  *Bunnell*, 947 F.2d at 346 n. 3.  However, they are considered with caution and will not be upheld if their application will produce a result that is inconsistent with statutes and regulations.  *Id*.

- 3 -

1  be considered before a determinable medical impairment decision is made, the regulations
2  make that sequence clear.

3  In this case, the ALJ stated that the "medical evidence presented does not establish
4  any impairment or impairments which resulted in more than minimal or slight abnormalities
5  or caused more than a minimal effect upon her ability to work." Administrative Record
6  ("AR"), p. 28. A claimant's credibility is to be considered in determining whether the
7  impairment is more than minimal in severity. 20 C.F.R. § 404.1529(c). The ALJ also stated:

> Through her last insured date, the claimant did not have an underlying medically determinable impairment(s) that could reasonably cause the pain or other symptoms alleged. The evidence does not show that her symptoms were fully credible, and she was not precluded from engaging in substantial gainful activity.

AR, p. 28. The ALJ considered Enriquez' credibility in making her determination that Enriquez did not have a medical impairment. This consideration was error.

Case law considering this error is limited. In *Bradley v. Barnhart*, 463 F.Supp.2d 577, 581-83 (S.D.W.Va. 2006), the court remanded the matter because the ALJ failed to consider the threshold question of whether there was a determinable medical impairment prior to considering the credibility of claimant's subjective allegations. However, that decision was based on *Craig* in which the Fourth Circuit had specifically set forth procedures to follow.

In this case, the Commissioner asserted, in his Opposition, that the ALJ had properly analyzed Enriquez' credibility and, therefore, did not assert that any error was harmless. Moreover, the Commissioner did not respond to Enriquez' objections. Courts, "to protect due process, must be particularly vigilant and must hold agencies, such as the Social Security Administration, to a strict adherence to both the letter and the spirit of their own rules and regulations." *Call v. Heckler*, 647 F.Supp. 560, 561 (1986), *citing Powell v. Heckler*, 789 F.2d 176 (3rd Cir. 1986). Although the Court agrees with the magistrate judge that the findings of the ALJ are not inconsistent, the Court must determine if the error is harmless.

The harmless error rule applies to the review of administrative decisions regarding disability. *See Batson v. Commissioner of SSA*, 359 F.3d 1190, 1196 (9th Cir. 2004)

- 4 -

1  (applying harmless error standard).  However, a decision of an agency cannot be affirmed
2  "on a ground that the agency did not invoke in making its decision." *Stout v. Commissioner,*
3  *SSA*, 454 F.3d 1050, 1054 (9th Cir. 2006), *quoting Pinto v. Massanari*, 249 F.3d 840, 547
4  (9th Cir. 2001).  The Court agrees with the magistrate judge that the ALJ's finding that
5  Enriquez was not credible in her symptoms does not change the fact that the ALJ specifically
6  made a finding that Enriquez did not have an underlying medically determinable impairment.
7  The ALJ's error was harmless.

*Testimony of Toomajian – Controlling Weight*

Enriquez asserts the ALJ erred in giving controlling weight to the opinion of Armon H. Toomajian, M.D. ("Dr. Toomajian").[2]  The magistrate judge agreed, but determined that Dr. Toomajian's opinion was supported and consistent with other evidence in the record and it could serve as substantial evidence.  The magistrate judge found that the "fact that the ALJ stated she gave Dr. Toomajian's opinion controlling weight did not change the fact that the ALJ's reliance on Dr. Toomajian's testimony over Dr. Smith's testimony was supported by substantial evidence in the record."  Report and Recommendation, p. 16, ll. 5-7.

Enriquez asserts that, to accept the recommendation of the magistrate judge would involve the weighing of Dr. Toomajian's testimony under the proper legal standard by the Court in the first instance because the ALJ apparently did not realize that she was not required to accept Dr. Toomajian's testimony.  Enriquez asserts that it is not appropriate for this Court to weigh Dr. Toomajian's testimony under the proper legal standard when the ALJ did not.  Indeed, Enriquez asserts that "[l]ong-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator

---

[2]The regulations only provide that a treating physician's opinion may be given controlling weight.  *See* 20 C.F.R. § 404.1527(d)(2).  The ALJ did not give controlling weight to the opinion of treating physician Karen Smith, M.D. ("Dr. Smith").

- 5 -

1 may have been thinking." *Bray v. Commissioner of SSA*, 554 F.3d 1219, 1225 (9th Cir.
2 2009). Enriquez argues that an ALJ's error was harmless only if the Court "can confidently
3 conclude that no reasonable ALJ, when" not making the same error as the ALJ herein,
4 "would have reached a different disability determination." *Stout*, 454 F.3d at 1056. Enriquez
5 asserts that "a reasonable ALJ who did not believe that he or she was required to adopt Dr.
6 Toomajian's testimony could have instead agreed with treating physician Dr. Smith that
7 Enriquez was unable to work at her date last insured." Objections, p. 11; *see also Orn v.*
8 *Astrue*, 495 F.3d 625 (9th Cir. 2007) (discussing factors in determining weight to be given
9 medical opinions). Indeed, Enriquez asserts that Dr. Toomajian may have improperly
10 required Enriquez' functional limitations to be corroborated by contemporaneous medical
11 evidence in making his opinion.[3] *See* SSR 83-20 ("In some cases, it may be possible, based
12 on the medical evidence to reasonably infer that the onset of a disabling impairment(s)
13 occurred some time prior to the date of the first recorded medical examination, e.g., the date
14 the claimant stopped working"); Enriquez' asserts the ALJ erred in not ascertaining whether
15 Dr. Toomajian indeed required such evidence to reach an opinion of a disabling impairment.
16 *See* 20 C.F.R. § 404.944 (ALJ is to fully look into the issues); *see also Armstrong v.*
17 *Commissioner of SSA*, 160 F.3d 587 (9th Cir. 1998), *citation omitted* (ALJ is "to call upon
18 the services of a medical advisor and to obtain all evidence which is available to make the
19 determination")

20       The Court disagrees with Enriquez that a reasonable ALJ, when not making the same
21 error as the ALJ herein, may have reached a different result. Initially, the Court considers
22 that Enriquez' interpretation of Dr. Toomajian's testimony does not alter the fact that he did
23 not state that he required Enriquez' functional limitations to be corroborated by

24

---

25       [3]Dr. Toomajian, when asked if he agreed with Dr. Smith that the claimant was
26 disabled as of December 1999, testified, "Well I know if I could find some medical evidence in the records I might agree with her. But from what I saw I don't agree with that." AR, p.
27 587.

28

- 6 -

1 contemporaneous medical evidence in making his opinion. The Court also consider that
2 "[d]ecisions based on multiple errors, harmless or otherwise, put the Court in the improper
3 position of fact-finder and promote remand or reversal based on cumulative error."
4 *Dickinson v. Commissioner, SSA*, 2008 WL 5423366 n. 9 (D.Id. 2008); *see also Renaudette*
5 *v. Astrue*, 482 F.Supp.2d 121 (D.Mass. 2007) (cumulative factual errors and misstatements
6 undermined confidence that evidence was fully and fairly considered or that the decision was
7 supported by substantial evidence). However, where the evidence presented to the ALJ (and
8 submitted to this Court on review) clearly establishes that Enriquez only began consistently
9 complaining of lupus symptoms after December 1999, the Court "can confidently conclude
10 that no reasonable ALJ, when" not making the same error as the ALJ herein, "would have
11 reached a different disability determination." *Stout*, 454 F.3d at 1056.[4]  Additionally,
12 although the ALJ gave controlling weight to Dr. Toomajian's opinion, this Court can
13 confidently find the ALJ's findings are supported by substantial evidence in the record as a
14 whole. *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985) (The limited role of the court
15 is to ensure that the "Secretary's findings are [not] based upon legal error [and are] supported
16 by substantial evidence in the record as a whole."). The Court finds the error of the ALJ to
17 be harmless.

*Testimony of Smith*

20 Enriquez asserts that substantial evidence does not support the ALJ's step-two
21 decision because the ALJ did not give the required clear and convincing reasons for rejecting
22 the retrospective opinions of treating rheumatologist Dr. Smith. In evaluating evidence to
23 determine whether a claimant is disabled, the opinions of treating physicians are entitled to
24 great weight. *Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1989). Where a treating

---

[4]The Court notes that the magistrate judge summarized at length Enriquez' medical records that pre-dated Enriquez' date of last insured.

- 7 -

physician's opinion contradicts the opinion of an examining or consulting physician, there must be "'specific and legitimate reasons' supported by substantial evidence in the record" to reject a treating physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996), *quoting Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Where the treating physician's opinion is not contradicted, the opinion may be rejected as long as clear and convincing reasons are given. *Montijo v. Secretary of HHS*, 729 F.2d 599, 601 (9th Cir. 1984).

In this case, Dr. Toomajian's opinion contradicted Dr. Smith's opinion. The Court agrees with the magistrate judge that the ALJ set forth specific and legitimate reasons supported by substantial evidence in the record to reject Dr. Smith's opinion.[5] The ALJ found that Dr. Smith's opinion was inconsistent with medical records prior to December 31, 1999, and that the retrospective opinion was based on Enriquez' subjective statements. The ALJ also noted that Dr. Smith's notes from May 2001 stated Enriquez' symptoms had been present only since August 2000. The Court agrees with the magistrate judge that Dr. Smith's assertion that Enriquez was "disabled by lupus prior to December 31, 1999, is not supported by the record. The ALJ did not err in rejecting Dr. Smith's retrospective opinion." Report and Recommendation, p. 18, ll..11-13.

*Credibility of Enriquez*

Enriquez objects to the magistrate judge's failure to address the credibility of Enriquez.[6] However, the Ninth Circuit has stated:

> [T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide "'specific, cogent reasons for the disbelief.'" The ALJ must "cit[e] the reasons why the [claimant's testimony is unpersuasive." Where, as here, the ALJ did not find "affirmative evidence" that the claimant was a

---

[5]The Court disagrees with Enriquez' assertion that the ALJ was required to state clear and convincing reasons for rejecting Dr. Smith's opinion.

[6]The magistrate judge found that the ALJ's credibility finding was irrelevant.

- 8 -

malingerer, those "reasons for rejecting the claimant's testimony must be clear and convincing."

*Orn*, 495 F.3d at 635, *citations omitted*. Where, as here, the ALJ did not find that a medical impairment has been established, it is not clear what standard should be applied in reviewing an ALJ's reasons for rejecting a claimant's testimony. The Court does not find it appropriate to assume, as Enriquez argues, that the ALJ found a medical impairment solely because the ALJ addressed Enriquez' credibility. Such a conclusion would directly contradict the finding as stated by the ALJ: "Through her last insured date, the claimant did not have an underlying medically determinable impairment(s) that could reasonably cause the pain or other symptoms alleged." AR, p. 28. Rather, the Court finds review is not appropriate because, as previously stated, the ALJ's consideration of Enriquez' credibility is harmless error.

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 18] is ADOPTED;
2. Plaintiff's Motion for Summary Judgment [Doc. # 12] is DENIED;
3. Defendant's Cross-Motion for Summary Judgment [Doc. # 15] is GRANTED;
4. The decision of the ALJ is AFFIRMED;
5. Judgment is awarded in favor of Defendant and against Plaintiff, and;
6. The Clerk of the Court shall enter judgment in this case and shall then close its file in this matter.

DATED this 26th day of March, 2009.

Cindy K. Jorgenson
United States District Judge

- 9 -